UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------ x
    UNITED STATES OF AMERICA

           - v. -

    EDIBERTO SANTANA,
      a/k/a "Flaco Veneno,"

    MIGUEL GENAO,
      a/k/a "Sombra,"

    CARLOS RAMIREZ,
      a/k/a "Guerra,"

    DARINSO MARTE REYES,
      a/k/a "Cibao,"

    ANGEL CRISPIN,
      a/k/a "Secreto,"

    JOSE MARICHAL,
      a/k/a "Menor,"
      a/k/a "El Menol," and

    ENIEL VASQUEZ,
      a/k/a "Dominican Flow,"

           Defendants.
------------------------------ x

**PROTECTIVE ORDER**
20 Cr. 022 (PAC)

       Upon the application of the United States of America, with the consent of the undersigned defendants and their respective counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

       1. **Disclosure Material.** The Government has made and will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the

Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation. It will also afford the defense prompt access to those materials, which will facilitate the preparation of the defense.

3. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**Accordingly it is hereby Ordered:**

4. Disclosure material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

5. Except as otherwise limited by this Order, disclosure material may be disclosed by counsel to:

(a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; and

(b) Prospective witnesses for purposes of defending this action.

6. When producing discovery, the Government will designate in writing any category of disclosure material that falls outside the coverage of this Order. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

7. This Order does not prevent the disclosure of any disclosure material in any motion, hearing, or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

### Disclosure and Protection of Seized ESI

8. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, pursuant to warrants issued during the course of the investigation, from various computers, cell phones, and other devices and storage media.

9. The Government is authorized to disclose to counsel for the defendants, for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain disclosure material ("the seized ESI disclosure material"). The defendant, defense counsel, and personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, may review the seized ESI disclosure material to identify items pertinent to the defense. They shall not further disseminate or disclose any portion of the seized ESI disclosure material except as otherwise set forth under this Order.

10. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

**Material Marked "Sensitive"**

11. Disclosure material produced by the Government that is either (1) designated in whole or in part as "Sensitive" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "Sensitive," shall be deemed "Sensitive Material."

12. Sensitive Material may be shown to the defendants and, if necessary to defend the action, to prospective witnesses, but only in the presence of defense counsel. Sensitive Material may not be maintained in the defendant's possession or in the possession of any prospective witness. Sensitive Material may only be maintained in the possession of defense counsel or personnel for whose conduct counsel is responsible.

**Return or Destruction of Material**

11. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

12. If disclosure material is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials. This provision does not apply to any disclosure material or ESI that belongs to the defendant.

13. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed disclosure material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

## Retention of Jurisdiction

14. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

SO ORDERED: *Newport, NY*
*May 3, 2021*
*Nunc Pro Tunc*

Dated: New York, New York
February 1_, 2020

*/s/ Paul A. Crotty*

THE HONORABLE PAUL A. CROTTY
UNITED STATES DISTRICT JUDGE

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: /s/                                                   Date:  January 27, 2020
    Celia V. Cohen
    Jaqueline C. Kelly
    Assistant United States Attorneys


_____     Date: _____
EDIBERTO SANTANA


_____     Date: 1-28-2020
Susan Walsh, Esq.
Counsel for EDIBERTO SANTANA


_____     Date: _____
Mark DeMarco, Esq.
Counsel for EDIBERTO SANTANA

7

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: /s/                                                     Date: January 27, 2020
    Celia V. Cohen
    Jaqueline C. Kelly
    Assistant United States Attorneys

_____      Date: _____
EDIBERTO SANTANA

_____      Date: _____
Susan Walsh, Esq.
Counsel for EDIBERTO SANTANA

*Mark S. DeMarco*                           Date: 1/27/2020
Mark DeMarco, Esq.
Counsel for EDIBERTO SANTANA

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: /s/ Date: January 27, 2020
  Celia V. Cohen
  Jaqueline C. Kelly
  Assistant United States Attorneys


 Date:
MIGUEL GENAO


 Date: 6/26/2020
Esere J. Onaodowan, Esq.
Counsel for MIGUEL GENAO

8

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: /s/                                         Date: January 27, 2020
    Celia V. Cohen
    Jaqueline C. Kelly
    Assistant United States Attorneys


_____                       Date: 2/6/20
CARLOS RAMIREZ


_____                       Date: 2/6/20
Ken Womble, Esq.
Counsel for CARLOS RAMIREZ


_____                       Date: Feb 6 2020
Kelley Sharkey, Esq.
Counsel for CARLOS RAMIREZ

9

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: /s/Date: January 27, 2020
  Celia V. Cohen
  Jaqueline C. Kelly
  Assistant United States Attorneys

Date:
DARINSO MARTE REYES

*Lance Clarke*Date:
Lance A. Clark, Esq.
Counsel for DARINSO MARTE REYES

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: /s/                            Date: January 27, 2020
Celia V. Cohen
Jaqueline C. Kelly
Assistant United States Attorneys


                                                    Date: _____
JOSE MARICHAL

                                                    Date: 06/26/2020
Richard Palma, Esq.
Counsel for JOSE MARICHAL

12

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: /s/Date:January 27, 2020
Celia V. Cohen
Jaqueline C. Kelly
Assistant United States Attorneys


Date:
ENIEL VASQUEZ


Date:1/31/20
James Roth, Esq.
Counsel for ENIEL VASQUEZ

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: /s/                                              Date: January 27, 2020
    Celia V. Cohen
    Jaqueline C. Kelly
    Assistant United States Attorneys


*Julie de Almeida*                                   Date: January 27, 2020
Julie de Almeida, Esq.
Coordinating Discovery Attorney

14