```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
UNITED STATES OF AMERICA                                          :
                                                                  :
            -v-                                                   :     20-CR-022-1 (JMF)
                                                                  :
EDIBERTO SANTANA,                                                 :     MEMORANDUM OPINION
                                                                  :          AND ORDER
                          Defendant.                              :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On June 13, 2024, Defendant filed a motion, pursuant to 18 U.S.C. § 3582(c)(2), for a reduction of his sentence pursuant to Amendment 821 to the United States Sentencing Guidelines, which went into effect on November 1, 2023, and applies retroactively. *See* ECF No. 197. "In determining whether, and to what extent, a reduction in the defendant's term of imprisonment . . . is warranted" pursuant to Amendment 821, the Court must first "determine the amended guideline range that would have been applicable to the defendant if" the Amendment "had been in effect at the time the defendant was sentenced." U.S.S.G. § 1.10(b)(1).

Defendant is not eligible for a reduction for several reasons. First, he is not a "zero point offender" under U.S.S.G. § 4C1.1. Moreover, Section 4C.1 does not apply where, as here, the offense: involved the "use of violence or credible threats of violence," U.S.S.G. § 4C1.1(a)(3); "result[ed] in death or serious bodily injury," *id.* § 4C1.1(a)(4); or the defendant "possess[ed] . . . a firearm or other dangerous weapon . . . in connection with the offense," *id.* § 4C1.1(a)(7). Second, he did not receive "status points" under Chapter 4 of the Guidelines. And third, even if Defendant did qualify for a reduction of either his offense level or his Criminal History Category pursuant to the amendment, it would not alter his Guidelines sentence of life imprisonment, as

his total offense level would still exceed 43 and thus would be treated as an offense level of 43. *See* U.S.S.G. Chapter 5, Pt. A, Note 2.

For the foregoing reasons, Defendants' motion is DENIED as frivolous. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Memorandum Opinion and Order would not be taken in good faith, and *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate ECF No. 197 and to mail a copy of this Memorandum Opinion and Order to:

> EDIBERTO SANTANA
> Register No. 87648-054
> USP Big Sandy
> Federal Correctional Institution
> P.O. BOX 2068
> Inez, KY 41224

SO ORDERED.

Dated: June 14, 2024
New York, New York

JESSE M. FURMAN
United States District Judge